UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

LARRENCE D. AVERY, JR.,

        Plaintiff,

v.

UNKNOWN JOHNSON et al.,

        Defendants.
_____/

Case No. 2:23-cv-101

Honorable Maarten Vermaat

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 4.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding

tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues AMF staff members Unknown Johnson and Unknown Junck. Plaintiff suggests that he is suing Defendants in their individual capacities "on the behalf of food service" staff at AMF. (ECF No. 1, PageID.1–2.)

Plaintiff alleges that on March 26, 2023, he notified all correctional officers in his housing unit (administrative segregation) about "the super cold beans being served along with the rotten

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

fruits which [were] not conditioned to be consumable." (*Id.*, PageID.3.) Plaintiff did so "by way of sending kites to the Unit Officers to call, email, and inform Food Services that Plaintiff and all other prisoners participating in Ramadan have been complaining about that issue since March 21st, 2023." (*Id.*)

The next day, non-party Officers Thomas and Spiesal passed out the Ramadan meal bags around 4:58 p.m. (*Id.*) Plaintiff noticed that the beans were cold and asked Officer Thomas to "please call the Defendants to inform them that the food served to Muslims [was] cold and needs to be warmed and that [it is] policy that food that is required to be hot is supposed to be at a certa[i]n degree." (*Id.*) Officer Thomas said he would call and send an email. (*Id.*)

Plaintiff alleges that from March 28, 2023, through April 5, 2023, he received rotten fruits (apples and bananas) that he could not eat because they had been "sitting out for so long." (*Id.*) Plaintiff also alleges that he and the other inmates participating in Ramadan continued to receive cold beans. (*Id.*)

On April 6, 2023, Plaintiff "filed a grievance on Defendants." (*Id.*) He also wrote a kite "warning and informing Defendants that he [would] write [a] grievance if Food Service (Defendants) [did not] warm [the] food (beans)." (*Id.*) Plaintiff alleges that despite his grievance and kite, he and other Muslim inmates participating in Ramadan continued to receive cold beans and rotten apples from April 7, 2023, through April 14, 2023. (*Id.*, PageID.4.)

On April 15, 2023, Plaintiff filed another grievance. (*Id.*) He alleges that he filed this grievance with inmate Johnson, "who kited medical for being poison[e]d by eating the cold beans and rotten fruit." (*Id.*) When second shift non-party Officers Spiesal and Bailey made rounds, Plaintiff asked them "to call and send emails to Defendants (food service)" about the issue. (*Id.*)

4

Plaintiff alleges that the Ramadan meal bags he received on April 16 and 17, 2023, were missing four items—peanut butter, cake, cookies, and a slice of turkey. (*Id.*) Plaintiff claims that because of this, he was "forced to eat nasty rotten bananas and apples with super cold beans." (*Id.*) Plaintiff reported the issue to Officers Bailey and Watt. (*Id.*)

On April 18, 2023, Plaintiff submitted a medical kite regarding "his stomach having non-stop sharp pains and also having a hard time di[g]esting food which he ate." (*Id.*) Plaintiff also filed another grievance. (*Id.*) He contends that his issues regarding the food went unresolved "even all the way up until the end of Ramadan." (*Id.*) Plaintiff saw a nurse regarding his stomach pains on April 26, 2023. (*ID.*) The nurse told Plaintiff that "he has to stop eating cold food that [was] supposed to be hot and the rotten fruits he was forced to eat." (*Id.*)

Based on the foregoing, Plaintiff appears to suggest that his First Amendment free exercise of religion rights were violated because he did not receive "adequate treatment of his religious Ramadan meal."[2] (*Id.*, PageID.6.) Plaintiff also alleges First Amendment retaliation claims, as well as Eighth Amendment cruel and unusual punishment claims. (*Id.*) Plaintiff seeks compensatory, punitive, and nominal damages. (*Id.*, PageID.6-7.)

---

[2] Plaintiff's statement regarding the "adequate treatment of his religious Ramadan meal" could also implicate the Religious Land Use and Institutionalized Persons Act (RLUIPA), which prohibits any government from imposing a "substantial burden on the religious exercise" of a prisoner, unless such burden constitutes the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1(a). Plaintiff, however, has only named Defendants in their individual capacities, and RLUIPA does not create a cause of action against individuals in their personal capacities. *See Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 331 (5th Cir. 2009), *aff'd*, *Sossamon v. Texas*, 563 U.S. 277 (2011); *see also Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012) (concluding that "[RLUIPA] does not create a cause of action against state employees in their personal capacity."); *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013) (noting that "RLUIPA does not provide a cause of action against state officials in their individual capacities").

5

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Summary Reference to Defendants

Plaintiff states that he is suing Defendants Johnson and Junck in their individual capacities "on the behalf of food service" staff at AMF. (ECF No. 1, PageID.1–2.) In Plaintiff's complaint, he references "Defendants" throughout the complaint; however, he fails to name Defendants Johnson and Junck in the body of his complaint. (*See generally id.*)

Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). Further, "[s]ummary reference to a single, five-headed 'Defendants' does not support a reasonable inference that each Defendant is liable" for the alleged constitutional violations. *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))). Plaintiff's claims against Defendants Johnson and Junck, therefore, fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

For these reasons alone, Plaintiff's complaint is subject to dismissal. Even setting aside this issue, as explained below, Plaintiff's complaint is subject to dismissal for failure to state a claim.

**B.     First Amendment Claims**

**1.     Free Exercise**

Plaintiff appears to suggest that his First Amendment free exercise of religion rights were violated because he did not receive "adequate treatment of his religious Ramadan meal." (*Id.*, PageID.6.) The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. The right to freely exercise one's religion falls within the fundamental concept of liberty under the Fourteenth Amendment. *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940). Thus, state legislatures and those acting on behalf of a state are "as incompetent as Congress" to interfere with the right. *Id.*

While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). To establish that this right has been violated, Plaintiff must establish that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) his belief is sincerely held; and (3) Defendants' behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224–25 (6th Cir. 1987); *see also Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001); *Bakr v. Johnson*, No. 95-2348, 1997 WL 428903, at *2 (6th Cir. July 30, 1997).

Plaintiff has sufficiently alleged his sincerely held religious beliefs, and there is no doubt that celebrating Ramadan constitutes religious practice. The next consideration is "whether the challenged practice of the prison officials infringes upon the religious belief . . . ." *Kent*, 821 F.2d at 1224–25. A practice will not be considered to infringe on a prisoner's free exercise of religion

8

unless it "place[s] a substantial burden on the observation of a central religious belief or practice . . . ." *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989); *see also Welch*, 627 F. App'x at 485 (McKeague, J., dissenting) ("To violate the First Amendment, the diet must impose a substantial burden on the inmate's exercise of religion."). "[T]he Supreme Court has made clear that the 'substantial burden' hurdle is high." *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007). "[A] 'substantial burden' is a difficult threshold to cross." *Id.* at 736. Such a burden "must place more than an inconvenience on religious exercise." *Id.* at 739 (quoting *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2014)). A particular government action will not be considered a substantial burden merely because it "may make [the] religious exercise more expensive or difficult." *Id.*

Here, Plaintiff's allegations that his Ramadan food bags contained rotten fruits and cold beans, as well as his allegations that they were missing items on two occasions, fail to show that Defendants infringed upon his religious practice. Nothing in the complaint allows the Court to infer that Defendants refused to accommodate Plaintiff's religious practice. Rather, the complaint makes clear that Plaintiff's religious practice was accommodated during Ramadan, but that he did not like what was provided in the meal bags. Plaintiff does not allege that the provided meals were nutritionally inadequate, and Plaintiff's reference to items such as turkey, cake, cookies, and peanut butter, suggests that the fruits and beans were not the only items in Plaintiff's Ramadan bags. Additionally, although it is clear that Plaintiff wished to receive warm beans, rather than cold beans, failing to provide the beans in Plaintiff's preferred manner does not suggest that Plaintiff's free exercise of his religion was substantially burdened. Moreover, as discussed *infra* in Part II.C, although Plaintiff suggests that the Ramadan bags were inadequate and made him ill because he suffered stomach pains, Plaintiff fails to allege facts from which the Court could infer that

9

Defendants were personally aware of Plaintiff's issues and consciously ignored them. Accordingly, because Plaintiff has failed to set forth facts from which the Court could infer that Defendants imposed a substantial burden on Plaintiff's right to freely practice his religion, Plaintiff's First Amendment free exercise claims will be dismissed.

### 2. Retaliation

Plaintiff also alleges that Defendants retaliated against him, in violation of the First Amendment, by not fixing the issues with the Ramadan meal bags because of Plaintiff's grievances and complaints. (ECF No. 1, PageID.6.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff engaged in protected conduct by filing grievances, kites, and orally complaining about the Ramadan meal bags. *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018); *Mack v. Warden Loretto FCI*, 839 F.3d 286, 298–99 (3d Cir. 2016) ("[The prisoner's] oral grievance to [the prison officer] regarding the anti-Muslim harassment he endured at work constitutes protected activity under the First Amendment."). The Court also assumes, for purposes of this action, that receiving meal bags with missing items, cold food, and rotten foods can constitute adverse action. Plaintiff, however, has provided the Court with no facts to plausibly suggest that this adverse action

10

was motivated in some way by Plaintiff's protected conduct. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (discussing that in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial" (internal quotation marks omitted)); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims [that will survive § 1915A screening]." (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998))).

Here, Plaintiff merely alleges the ultimate fact of retaliation in this matter. Although Plaintiff states that he asked numerous officers to call and email Defendants about the issues with the food, and that he filed kites and grievances about the issues, he alleges no facts to show that Defendants were even personally aware of these kites and grievances. Moreover, Plaintiff alleges no facts suggesting that officers even made calls and emails after Plaintiff requested that they do so. Although Plaintiff alleges that he continued to receive inadequate Ramadan bags after the submission of grievances and kites, simply because one event precedes another does not automatically show retaliation. *See Coleman v. Bowerman*, 474 F. App'x 435, 437 (6th Cir. 2012) (holding that temporal proximity to the filing of a grievance is insufficient because any adverse action "would likely be in 'close temporal proximity' to one of [the plaintiff's] many grievances

11

or grievance interviews"); *cf. Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004) (noting that "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive"). Accordingly, because Plaintiff fails to allege facts suggesting that Defendants were motivated by Plaintiff's protected conduct, Plaintiff's First Amendment retaliation claims will be dismissed.

### C. Eighth Amendment Claims

Plaintiff next contends that the alleged inadequate Ramadan meal bags violated his Eighth Amendment right to be free from cruel and unusual punishment. (ECF No. 1, PageID.6.)

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998).

The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

To prevail on an Eighth Amendment claim, a prisoner must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying the deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying the deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836.

Under the Eighth Amendment, prison officials are charged with ensuring that "prisoners receive adequate . . . food." *Young ex rel. Estate of Young v. Martin*, 51 F. App'x 509, 513 (6th Cir. 2002) (quoting *Farmer*, 511 U.S. at 832). The Constitution "does not mandate comfortable prisons," however. *Rhodes*, 452 U.S. at 349. Thus, the deprivation of a few meals for a limited time generally does not rise to the level of an Eighth Amendment violation. *See Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (denial of seven meals over six days is not an Eighth Amendment violation); *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (denial of five meals over three consecutive days, and a total of seven meals over six consecutive days, does not rise to Eighth Amendment violation, where the prisoner fails to allege that his health suffered);

13

*Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (providing a prisoner only one meal per day for fifteen days did not violate the Eighth Amendment, because the meals provided contained sufficient nutrition to sustain normal health); *see also Staten v. Terhune*, 67 F. App'x 462, 462–63 (9th Cir. 2003) (finding the deprivation of two meals is not sufficiently serious to form the basis of an Eighth Amendment claim); *Berry v. Brady*, 192 F.3d 504, 507–08 (5th Cir. 1999) (finding the denial of a few meals over several months does not state a claim); *Cagle v. Perry*, No. 9:04-CV-1151, 2007 WL 3124806, at *14 (N.D.N.Y. Oct. 24, 2007) (finding the deprivation of two meals is "not sufficiently numerous, prolonged or severe" to give rise to an Eighth Amendment claim).

Plaintiff contends that throughout Ramadan in 2023, he received Ramadan meal bags that contained rotten fruits and cold beans. He also alleges that on two occasions, the bags were missing certain items. However, if the deprivation of a few meals for a limited period fails to state an Eighth Amendment claim, it stands to reason that Plaintiff's allegations concerning the missing items fall far short of the serious deprivations protected by the Eighth Amendment. *See Turner v. Gilbertson*, No. 2:17-cv-65, 2017 WL 1457051, at *5 (W.D. Mich. Apr. 25, 2017) (concluding that an inmate failed to state an Eighth Amendment claim when he "missed two packets of crackers—far less than even one meal—and was forced to use a broken spoon to eat the same meal"). Likewise, "cold food . . . is an ordinary incident in prison life." *Thaddeus-X*, 175 F.3d at 404 (Surheinrich, J., dissenting); *see also Brown-El v. Delo*, 969 F.2d 644, 648 (8th Cir. 1992) (holding that prisoner's claim that he was denied his Eighth Amendment rights when he was served cold food was frivolous); *Jackson v. Heyns*, No. 13-636, 2013 WL 6007503, at *6 (W.D. Mich. Nov. 13, 2013) (holding that regular receipt of cold or lukewarm food by segregation prisoners does not implicate the Eighth Amendment).

Plaintiff does allege that he suffered stomach pains because of the rotten fruits and cold beans. Even assuming that Plaintiff's allegations that the fruits and beans caused stomach pains are sufficient for purposes of the objective prong, Plaintiff fails to allege facts to satisfy the subjective prong of his Eighth Amendment claims. Plaintiff alleges that he sent a medical kite because of his stomach pains. (ECF No. 1, PageID.4.) He also alleges that he filed a grievance about "the food being served to him from Defendants [poisoning] [the] insides of his stomach." (*Id.*, PageID.5.) Plaintiff, however, fails to allege any facts from which the Court could infer that Defendants were personally aware that the rotten fruits and cold beans were causing Plaintiff stomach issues and consciously ignored that risk. Nothing in the complaint allows the Court to infer that Defendants personally received Plaintiff's grievances or kites that would have placed them on notice of the issues. Given the lack of facts set forth in Plaintiff's complaint, the Court simply cannot conclude that Defendants "kn[ew] of and disregarded an excessive risk to [Plaintiff's] health," and that they "failed to act despite [any] knowledge" of such. *Farmer*, 511 U.S. at 837, 842. Plaintiff's Eighth Amendment claims will, therefore, be dismissed.[3]

---

[3] The Court further notes that although Plaintiff alleges that he was "forced" to eat the rotten fruits and cold beans, he does not explain why he felt "forced" to do so. Presumably, given Plaintiff's reference to items such as turkey, cake, cookies, and peanut butter, the fruits and beans were not the only items in Plaintiff's Ramadan bags. Plaintiff does not allege any facts suggesting that the remaining items in his Ramadan bag would not have been sufficient to maintain his health had he foregone eating the fruits and beans provided. *See Sims v. Mich. Dep't of Corr.*, 23 F. App'x 214, 216 (6th Cir. 2001) (agreeing that the plaintiff failed to set forth an Eighth Amendment claim because he "did not allege that he was denied sufficient food on a daily basis or that he could not maintain his health based on the diet provided him even though one of the six meals he received per day may have consisted of one cup of fruit"); *Crockett v. Core Civic*, No. 3:17-cv-00746, 2017 WL 3888352, at *3 (M.D. Tenn. Sept. 5, 2017) (finding that the prisoner-plaintiff had not alleged an Eighth Amendment violation where he had not alleged that "his caloric intake during the brief periods of his food restriction is insufficient to sustain health or that he has sustained any injury, i.e., illness or significant weight loss, as a result of the food he is served").

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:  August 15, 2023                                          /s/ *Maarten Vermaat*
                                                                                    Maarten Vermaat
                                                                                    United States Magistrate Judge